IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:14-CR-495-M |
| v. | |
| DEREK HUTTER | |

### PLEA AGREEMENT

Derek Hutter, (the defendant), E.X. Martin, (the defendant's attorney), and the United States of America, (the government), agree as follows:

1. **Rights of the defendant**: Hutter understands that he has the rights:

   a. grand jury indictment;

   b. to plead not guilty;

   c. to have a trial by jury;

   d. to have his guilt proven beyond a reasonable doubt;

   e. to confront and cross-examine witnesses and to call witnesses in his defense; and

   f. against compelled self-incrimination.

2. **Waiver of rights and plea of guilty**: Hutter waives these rights and pleads guilty to the offense alleged in Count One of the Superseding Information, Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). Hutter understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

Plea Agreement - Page 1

3. **Sentence:** The minimum and maximum penalties the Court can impose on Count One include:

    a. imprisonment for a period not less than 10 years, and not more than life;

    b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c. a term of supervised release of any term of years or life but not less than five years, which is mandatory under the law and will follow any term of imprisonment. If Hutter violates the conditions of supervised release, he could be imprisoned for the entire term of supervised release;

    d. a mandatory special assessment of $100;

    e. restitution to victims or to the community, which is mandatory under the law, and which Hutter agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone;

    f. costs of incarceration and supervision; and

    g. forfeiture of property.

4. **Sentencing guidelines:** Hutter understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. Hutter has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Hutter will not be allowed to withdraw his plea if his sentence is higher than expected. Hutter fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

5. **Mandatory special assessment**: Hutter agrees to pay to the U.S. District Clerk the amount of $100.00 in satisfaction of the mandatory special assessment in this case.

6. **Defendant's cooperation**: Hutter shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Hutter shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution. Hutter expressly authorizes the United States Attorney's Office to immediately obtain a credit report on him in order to evaluate Hutter's ability to satisfy any financial obligation imposed by the Court. Hutter fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, Hutter agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy Hutter's full and immediately enforceable financial obligation. Hutter understands that he has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Government's agreement**: The government will not bring any additional charges against Hutter based upon the conduct underlying and related to Hutter's plea of guilty. The government also agrees to dismiss, after sentencing, the remaining charges in the pending Indictment. Hutter understands this agreement applies to the victim(s) listed in the Superseding Information and does not bar any prosecution for Enticement of

a Minor or Production of Child Pornography related to other victims, if later discovered. The government will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Hutter or any property.

8.  **Violation of agreement:**  Hutter understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute Hutter for all offenses of which it has knowledge. In such event, Hutter waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, Hutter also waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

9.  **Voluntary plea:**  This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. **Waiver of right to appeal or otherwise challenge sentence:**
Hutter waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. He further waives his right to seek any future reduction in his

sentence (*e.g.*, based on a change in sentencing guidelines or statutory law). Hutter, however, reserves the rights (a) to bring a direct appeal of a sentence exceeding the statutory maximum punishment that is applicable at the time of his initial sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, or (c) to bring a claim of ineffective assistance of counsel.

11. **Representation of counsel**: Hutter has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Hutter has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Hutter has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Entirety of agreement**: This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 14 day of May, 2015.

JOHN R. PARKER
ACTING UNITED STATES ATTORNEY

_____  
DEREK HUTTER  
Defendant

_____  
CAMILLE E. SPARKS  
Assistant United States Attorney  
Texas State Bar No. 00790878  
1100 Commerce Street, Third Floor  
Dallas, Texas   75242-1699  
Telephone:   214.659.8600  
Facsimile: 214.659.8809  
Email: Camille.Sparks@usdoj.gov

_____  
E.X. MARTIN  
Attorney for Defendant

_____  
GARY C. TROMBLAY  
Deputy Criminal Chief

I have read or had read to me this Plea Agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.

_____          5-13-15
DEREK HUTTER                                    Date
Defendant

I am the defendant's counsel.   I have carefully reviewed every part of this Plea Agreement with the defendant, including the notice that he is required to register as a sex offender.   To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          5-13-15
E.X. MARTIN                                          Date
Attorney for Defendant

Plea Agreement - Page 6

I have been advised, and understand, that under the Sex Offender Registration and Notification Act, a federal law, I must register and keep the registration current in each of the following jurisdictions: where I reside; where I am an employee; and where I am a student. I understand that the requirements for registration include providing my name, my residence address, and the names and addresses of any places where I am or will be an employee or a student, among other information. I further understand that the requirement to keep the registration current includes informing at least one jurisdiction in which I reside, am an employee, or am a student not later than three business days after any change of my name, residence, employment, or student status. I have been advised, and understand, that failure to comply with these obligations subjects me to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment or both.


_____          _____
DEREK HUTTER                              Date
Defendant

X _____              5-14-15
E.X. MARTIN                               Date
Attorney for Defendant


Plea Agreement - Page 7