IN THE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>DEREK HUTTER,<br><br>     Defendant. | Case No: 3:14-CR-495-M(1) |

**PETITION TO VACATE, SET ASIDE, OR CORRECT CONVICTION, JUDGMENT, AND SENTENCE UNDER 28 U.S.C. § 2255**

1. Name and location of court which entered the judgment of conviction under attack:

    Northern District of Texas, Dallas Division.

2. Date of judgment of conviction: October 21, 2015.

3. Length of sentence: 264 months' imprisonment.

4. Nature of offense involved: 18 U.S.C. § 2422(b) (Enticement of a minor).

5. What was your plea? (Check one)

    (a)   Not guilty            (__)
    (b)   Guilty                (X)
    (c)   Nolo contendere       (__)

    If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details: N/A

6. Kind of trial: (Check one) N/A

7. Did you testify at the trial? <u>N/A</u>

8. Did you appeal from the judgment of conviction?

    Yes (<u>X</u>)    No (<u> </u>)

9. If you did appeal, answer the following:

    (a) Name of court: <u>Fifth Circuit Court of Appeals</u>

    (b) Result: <u>Conviction and sentence affirmed (following an *Anders*[1] brief). *See United States v. Hutter*, 668 Fed. Appx 143 (5th Cir. 2016).</u>

    (c) Date of result: <u>August 16, 2016[2]</u>

10. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications or motions with respect to this judgment in any federal court?

    Yes (<u> </u>)    No (<u>X</u>)

11. If your answer to 10 was "yes," give the following information:

    (a) (1) Name of court: <u>N/A</u>

    (2) Nature of proceeding: <u>N/A</u>

    (3) Grounds raised: <u>N/A</u>

    (4) Did you receive an evidentiary hearing on your petition, application or motion? <u>N/A</u>

    (5) Result: <u>N/A</u>

    (6) Date of result: <u>N/A</u>

    (b) As to any second petition, application or motion give the same information:

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

[2] The Defendant's conviction became final on November 14, 2016, when the ninety-day period for filing a petition for writ of certiorari in the United States Supreme Court expired.

    (1) Name of court: N/A

    (2) Nature of proceeding: N/A

    (3) Grounds raised: N/A

    (4) Did you receive an evidentiary hearing on your petition, application or motion? N/A

    (5) Date of result: N/A

(c) As to any third petition, application or motion, give the same information:

    (1) Name of court: N/A

    (2) Nature of proceeding: N/A

    (3) Grounds raised: N/A

    (4) Did you receive an evidentiary hearing on your petition, application or motion? N/A

(d) Did you appeal, to an appellate federal court having jurisdiction, the result of action taken on any petition, application or motion? N/A

    (1) First petition, etc. N/A
    (2) Second petition, etc. N/A
    (3) Third petition, etc. N/A

If you did *not* appeal from the adverse action on any petition, application or motion, explain briefly why you did not: N/A

12. State *concisely* every ground on which you claim that you are being held unlawfully.

Summarize *briefly* the *fact*s supporting each ground.

**A.     Ground one: Defense counsel rendered ineffective assistance of counsel failing to advise the Defendant regarding available defenses in this case.**

Defense counsel rendered ineffective assistance of counsel by failing to advise the Defendant regarding available defenses in this case. As a result, the Defendant was denied his right to make a knowing, intelligent, and voluntary decision regarding his guilty plea (in violation of the Fifth Amendment to the Constitution)[3] and was denied his right to effective assistance of counsel in violation of the Sixth Amendment to the Constitution.

The charge in this case concerns an alleged sexual relationship between the Defendant and a minor.[4] At the time that the charge was brought, the Defendant was the youth minister at a church and the alleged victim was one of the females in the church youth group. The Defendant denies engaging in an improper sexual relationship with the alleged victim.

After the Defendant was charged, he retained defense counsel. The Defendant informed defense counsel that he was innocent and that he did not engage in a sexual relationship with the alleged victim. In response, defense counsel said to the Defendant that "we can't beat this" and "if you don't enter a guilty plea, you will get the maximum sentence and never see your wife and daughter again." Defense counsel further told the Defendant that if he did enter a guilty plea, his sentence would likely be between five and ten years of

---

[3] *See Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969) (recognizing that a defendant's decision to plead guilty involves the simultaneous waiver of several constitutional rights and, hence, waiver must be knowingly and voluntarily made by defendant).

[4] The Government asserted that the alleged victim was between thirteen and fourteen years old at the time of the purported charge.

imprisonment. In light of defense counsel's advice, the Defendant had no choice but to enter a guilty plea in this case because his attorney told him that he had no defense to the charge in this case.

Contrary to defense counsel's advice, the Defendant did have viable defenses in this case. At the time of the charge, the alleged victim was dealing with several matters and she used the charge in this case to deflect and avoid getting in trouble. Specifically, the alleged victim was engaged in a physical relationship with a boyfriend, but her parents were unaware of the boyfriend – and at the time of the charge in this case, the relationship with the boyfriend was about to be exposed. In order to avoid the exposure and punishment, the alleged victim falsely informed her parents that she was involved in a relationship with the Defendant.

Additionally, the alleged victim had an addiction to pornography websites and she was having "masturbation issues" (and a review of her electronic media and databases confirmed these problems). Moreover, the alleged victim had a reputation in the community for being untruthful. Finally, weeks before the charge in this case, the alleged victim had been caught at a church retreat with another male. With all of these matters bubbling up around the alleged victim, the alleged victim used the charge in this case to deflect from her own problems and avoid exposure and punishment.

After the Defendant was charged, he discussed these matters with defense counsel. Defense counsel, however, told the Defendant that none of these matters were relevant. Defense counsel failed to inform the Defendant that if he proceeded to trial, he would have

been entitled to introduce this information to demonstrate that the alleged victim was fabricating the charge in this case.[5]

After the Defendant was charged, defense counsel discussed with the Defendant the electronic communications that purportedly took place between the Defendant and the alleged victim. Defense counsel told the Defendant that in light of the some of the communications, the Defendant could not "beat the charge in this case." However, the Defendant informed defense counsel that his cellphone and computer were accessible by everyone in the church and his passwords to these devices were in plain view to anyone who entered his office. Despite being aware of this, defense counsel stood by his position that the Defendant had no defense to the charge in this case. The Defendant also notes that the communications referenced by defense counsel do not constitute proof that the Defendant and the alleged victim were engaged in a sexual relationship.

After the Defendant was convicted, he conducted his own research and consulted with different counsel and he learned, for the first time, that he did, in fact, have viable defenses in this case (as set forth above). Had defense counsel properly told the Defendant about his viable defenses in this case, the Defendant would not have entered a guilty plea and instead would have proceeded to trial and presented these defenses.

The Sixth Amendment right to counsel implicitly includes the right to effective assistance of counsel. *See McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970); *Chatom*

---

[5] The Defendant also notes that he has unique anatomical features – features that the alleged victim has not mentioned in any statements, but features that she would be aware of had she actually been involved in a sexual relationship with the Defendant.

*v. White,* 858 F.2d 1479, 1484 (11th Cir. 1988). The familiar test utilized by courts in analyzing ineffective assistance of counsel claims is as follows:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.
> Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversarial process that renders the result unreliable.

*Strickland v. Washington,* 446 U.S. 668, 687 (1984).

The two-part *Strickland* test applies to challenges of guilty/no contest pleas based on ineffective assistance of counsel. *See Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Pursuant to *Hill*, a defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 57.

"An attorney has a duty to make reasonable investigations in his or her cases." *Brown v. State*, 892 So. 2d 1119, 1119 (Fla. 2d DCA 2004). A guilty/no contest plea is not entered knowingly, intelligently, and voluntarily if the defendant does not have knowledge of viable defenses to the crime. *See Ivy v. Caspari*, 173 F.3d 1136, 1143 (8th Cir. 1999) ("In addition to the failure of the trial court and counsel to explain fully the elements of the offense to which Ivy pleaded guilty, other circumstances cast doubt on the voluntariness of Ivy's plea. . . . Counsel's failure to advise Ivy of the possible defense of mental illness and his failure to bring the report to the trial court's attention are additional indicia of his

ineffective assistance and provide additional grounds for the district court's finding that Ivy's plea was not knowingly and voluntarily entered."); *McGraw v. United States*, 106 F.3d 391, 1997 WL 34431 at *1 (4th Cir. 1997) (unpublished) ("'Because a guilty plea is valid only if it represents a knowing and voluntary choice among alternatives,' defense counsel has a duty to investigate possible defenses and to advise the defendant so that he can make an informed decision.") (quoting *Savino v. Murray*, 82 F.3d 593, 599 (4th Cir. 1996)).

Accordingly, applying the *Strickland/Hill* standard to this case, defense counsel was ineffective for failing to advise the Defendant regarding available defenses in this case. Counsel's failure fell below the applicable standard of performance. Absent counsel's ineffectiveness in the instant case, the result of the proceeding would have been different (i.e., the Defendant would not have entered a guilty plea) and/or counsel's ineffectiveness affected the fairness and reliability of the proceeding, thereby undermining any confidence in the outcome. The Defendant requests an evidentiary hearing on this claim and he thereafter seeks to withdraw his guilty plea.

**B.     Ground two: Defense counsel rendered ineffective assistance of counsel by failing to properly present mitigation during the sentencing hearing.**

Defense counsel rendered ineffective assistance of counsel by failing to properly present mitigation during the sentencing hearing. As a result, the Defendant was denied his right to effective assistance of counsel in violation of the Sixth Amendment to the Constitution. But for counsel's ineffectiveness, the result of the sentencing hearing would have been different.

The transcript of the sentencing hearing is only forty pages. During the sentencing hearing, the only witnesses presented by defense counsel were the Defendant's family members. Defense counsel did not present the type of mitigation necessary for this type of case.

In a case involving an alleged sexual relationship between a defendant and a minor, any reasonable attorney would understand the need to conduct a psycho-sexual evaluation in order to present expert testimony to the court that the defendant is not at risk for committing sexual crimes in the future. Defense counsel, however, failed to conduct this analysis.

The Defendant has since been evaluated by an psychologist and the expert has concluded that the Defendant is not a sexual predator and is not at risk for committing sexual crimes in the future. There is a reasonable probability that had this expert testimony been presented during the sentencing hearing, the Court would have imposed a lower sentence. Additionally, defense counsel should have presented statistics from other cases with similar charges to argue for a lower sentence.[6]

The Defendant satisfies the *Strickland* standard in the instant case. Defense counsel failed to properly present mitigation during the sentencing hearing. Had defense counsel properly presented mitigation during the sentencing hearing, the sentence imposed in this case would have been lower than the current sentence. The Defendant requests an evidentiary hearing on this claim and he thereafter requests a new sentencing hearing.

---

[6] For example, former Congressman Anthony Weiner recently received a sentence of twenty-one months' imprisonment.

    **C.    Ground three: Defense counsel rendered ineffective assistance of counsel by failing to object to the sentencing court's consideration of an impermissible factor during the sentencing hearing.**

Defense counsel rendered ineffective assistance of counsel by failing to object to the sentencing court's consideration of an impermissible factor during the sentencing hearing. As a result, the Defendant was denied his right to effective assistance of counsel in violation of the Sixth Amendment to the Constitution. But for counsel's ineffectiveness, the result of the sentencing hearing would have been different.

The Defendant entered a guilty plea to count one of the superseding indictment – enticement of a minor (pursuant to 18 U.S.C. § 2422(b)). § 2422(b) states:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in . . . any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

The "Factual Resume" that was filed by the parties in this case states the following:

> To establish the offense alleged in Count One of the Superseding Information, the government must prove the following elements beyond a reasonable doubt:
>
> <u>First</u>: That the defendant knowingly used a facility or means of interstate commerce, that is, the telephone or the Internet, to persuade, induce, entice, or coerce, an individual under the age of eighteen (18) to engage in sexual activity, or attempted to do so;
> <u>Second</u>: That the defendant believed that such individual was less than eighteen (18) years of age; and
> <u>Third</u>: That the defendant could have been charged with a criminal offense for engaging in the specified sexual activity.

The Defendant was sentenced on October 7, 2015. During the sentencing hearing,

the sentencing judge stated the following:

> For all intents and purposes, although the crime is charged differently in federal court, you raped a child. You didn't do it once. You didn't do it twice. You did it twenty times. You did it in your own home with your own child there. And it is a monstrous act for which you and you alone bear responsibility. And you did it in the context of a position of ultimate trust, a minister, a youth minister, an accountability youth minister. I can't think of a structure in which a person should be expected to exercise more exemplary behavior than that.

(Doc 47 - Pg 24). The sentencing judge also stated:

> You are a person who raped a child. And let's not call it something else, because that's what you did. And I want to hear from you – I wanted to hear from you and didn't – genuine remorse, not as it affects you, but as it affects "Jane" and your family, but particularly "Jane," because although your – your child and your wife and your parents and your in-laws and your many friends who are here in the courtroom are having to deal with very severe consequences of your behavior, the number one person to deal with the consequences of your behavior is "Jane." And I never heard you express genuine remorse and regret about that. It's as if there is some abstraction to this. And it's not abstract.

(Doc 47 - Pg 26). Finally, the sentencing judge stated:

> . . . And you have not arrived at what I believe is the point of genuine remorse and recovery from what you did. . . .
>         . . . .
>     . . . And that your wife and friends have forgiven you for that is a wonderful gift to you, but I don't. I'm not your Lord and maker. And you will have to see your Lord and maker at the end of your life to see if you have made up for what you did. But for me, this is not about forgiveness. I do not forgive you. It's not my role to do that.

(Doc 47 - Pgs 27-28).

As explained above, in this case, the Defendant entered a guilty plea to one charge – enticement of a minor pursuant to 18 U.S.C. § 2422(b). The Defendant did not enter a guilty plea to the charge of "rape." As acknowledged by the sentencing judge, "the crime is charged differently in federal court." (Doc 47 - Pg 24). In fact, the third element of the

federal charge is that the Defendant "*could have been charged* with a criminal offense for engaging in the specified sexual activity." (emphasis added). Notably, the Defendant *was charged* in state court with sexual battery. The appropriate sentence for that charge will be decided by the state court judge. But it was a violation of the Defendant's constitutional due process rights[7] for the sentencing judge in this case to consider a separate pending charge when imposing the sentence. *See, e.g., Yisrael v. State*, 65 So. 3d 1177, 1178 (Fla. 1st DCA 2011) (holding that "[c]onsideration of pending . . . charges during sentencing results in a denial of the defendant's due process rights").[8] Moreover, the Defendant was not on notice that he would be sentenced for a "rape" – as he was not charged with such a crime in the instant case – and therefore sentencing the Defendant for a crime for which he was not given notice further violated the Defendant's constitutional due process rights.[9]

---

[7] *See* U.S. Const. amend. V.

[8] *See also Gray v. State*, 964 So. 2d 884 (Fla. 2d DCA 2007) (holding that the trial court improperly considered pending charges during sentencing); *Seays v. State*, 789 So. 2d 1209, 1210 (Fla. 4th DCA 2001) (holding that the trial court improperly considered pending attempted murder charge). *Cf. State v. Potts*, 526 So. 2d 63, 63 (Fla. 1988) ("The state through its criminal process may not penalize someone merely for the status of being under indictment or otherwise accused of a crime, as it has attempted to do here.").

[9] The Due Process Clause carries fundamental rights of notice to the defendant. First among these is the right to know the potential sanctions for criminal conduct. *See Calder v. Bull*, 3 Dall. 390 (1797). The requirement that defendants receive fair notice as a matter of due process under the Fifth Amendment is fundamental. *See Cole v. Arkansas*, 333 U.S. 196, 201 (1948).
    The Defendant is aware that a sentencing judge is permitted to consider "relevant conduct." As explained by the Honorable Gilbert Stroud Merritt in *United States v. Silverman*, 976 F.2d 1502, 1527 (6th Cir. 1992), "[t]he due process violation occurs in the instant case because, at the time the plea must be entered, the defendant receives no notice of the additional crimes for which the court will enhance the defendant's sentence." (Merritt, C.J., dissenting). The Defendant preserves this challenge regarding relevant conduct so that he can seek subsequent review of this issue.

In the instant case, defense counsel failed to object during the sentencing hearing when the sentencing judge relied upon the Defendant's pending state court rape charge when imposing the sentence in this case. Had defense counsel properly objected, the issue would have been preserved for appeal and the appellate court would have reversed the Defendant's sentence and remanded the case for a resentencing hearing (with directions that no consideration be given to the Defendant's pending state court rape charge).

The Defendant satisfies the *Strickland* standard in the instant case. Defense counsel failed to object when the sentencing judge improperly relied upon the Defendant's pending state court rape charge. Had defense counsel properly objected the issue would have been preserved for appeal and the appellate court would have reversed the Defendant's sentence and remanded the case for a resentencing hearing. The Defendant requests an evidentiary hearing on this claim and he thereafter requests a new sentencing hearing.

13. If the grounds listed in 12 were not previously presented, give your reason for not presenting them:

<u>The proper vehicle to assert an ineffective assistance of counsel claim is by way of a 28 U.S.C. § 2255 motion in the district court, where the requisite factual record can be developed. *See, e.g., United States v. Perdomo-Tavera*, 443 Fed. Appx. 895, 895 (5th Cir. 2011) ("A postconviction motion pursuant to 28 U.S.C. § 2255 is the appropriate vehicle for Perdomo's claim that trial counsel was ineffective.") (citation omitted).</u>

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?

Yes (_)    No (<u>X</u>)

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: <u>N/A</u>

    (b)    At arraignment and plea: E. X. Martin, 8828 Greenville Avenue, Dallas, Texas 75243

    (c)    At trial:  N/A

    (d)    At sentencing:  Mr. Martin

    (e)    On appeal: Office of the Federal Public Defender

    (f)    In any post-conviction proceeding: undersigned counsel

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at approximately the same time?
Yes (__)    No (X)

17. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

    Yes (__)    No (X)

    (a)    If so, give name and location of court which imposed sentence to be served in the future:  N/A

    (b)    And give date and length of sentence to be served in the future:  N/A

    (c)    Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?  N/A

18. What relief do you request from this Court? Withdrawal of the guilty plea and/or a resentencing hearing.

Wherefore, Defendant Hutter prays that the Court will grant him relief to which he may be entitled in this proceeding.

        Respectfully submitted,

        /s/ William Lloyd Welter, III
        WILLIAM LLOYD WELTER, III

        /s/ Michael Ufferman
        MICHAEL UFFERMAN

        Counsel for Defendant **HUTTER**

OATH

      I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.  Executed on November 13, 2017:

<u>/s/ William Lloyd Welter, III, and Michael Ufferman on behalf of Derek Hutter</u>

CERTIFICATE OF SERVICE

I HEREBY CERTIFY a true and correct copy of the foregoing instrument has been furnished to:

U.S. Attorney's Office
1100 Commerce Street
Third Floor
Dallas, Texas 75242

by electronic CM/ECF delivery this 13th day of November, 2017.

 /s/ William Lloyd Welter, III
WILLIAM LLOYD WELTER, III
William L. Welter, PA
1688 Meridian Avenue, Floor 7
Miami Beach, FL 33139-2708
(305) 372-9800/fax (877) 395-1110
FL Bar No. 515094
Email: willwelter@aol.com

 /s/ Michael Ufferman
MICHAEL UFFERMAN
Michael Ufferman Law Firm, P.A.
2022-1 Raymond Diehl Road
Tallahassee, Florida 32308
(850) 386-2345/fax (850) 224-2340
FL Bar No. 114227
Email: ufferman@uffermanlaw.com

Counsel for Defendant **HUTTER**

/s/ George E. Ashford, III
GEORGE E. ASHFORD, III
325 North Street Paul, Tower II, Suite 2475
Dallas, Texas 75201
(214) 922-0212/fax (214) 922-0294
TX Bar No. 013745305
Email: GeoAIII@aol.com

Local Counsel